IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00943-BNB

LEON BATES,

    Applicant,

v.

MIKE ARRELANO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 2 4 2008

GREGORY C. LANGHAM
               CLERK

## ORDER OF DISMISSAL

On September 8, 2008, Magistrate Judge Boyd N. Boland entered an Order to Show Cause directing Applicant Leon Bates to respond and show cause why the instant 28 U.S.C. § 2254 action should not be dismissed as a mixed petition. Mr. Bates filed a "Response to Show Cause . . . ," on October 9, 2008, in response to Magistrate Judge Boyd N. Boland's Order to Show Cause. The Court must construe the Response liberally because Mr. Bates is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny Mr. Bates' request to stay the instant action and dismiss the action as a mixed petition.

In the Response, Mr. Bates asserts that, even though he did not specifically allege a constitutional violation in state court regarding the issue he raises in Claim Nine, it is clear he implied a guaranteed right was violated in the Colo. R. Crim. P. 35(c)

postconviction motion that he filed in state court on May 25, 2004. The Court has reviewed the May 25, 2004, Rule 35(c) motion, specifically page nineteen, the page to which Mr. Bates cites for his argument that he raised an implied constitutional violation, and finds that he is relying on Colo. Rev. Stat. § 16-1-104(2) (4) (6) (10) and not on any asserted or implied constitutional rights.

As for Claim Ten, Mr. Bates asserts in the Response that his failure to exhaust the claim should be waived because he is a layman at law. He further contends that, because the prison law library did not stock pre-printed forms for filing Rule 35(c) motions at the time he filed his Rule 35(c) motion, he was not aware that a failure to raise all claims in a first postconviction motion may preclude him from filing additional claims at a later date. Mr. Bates also makes a conclusory and vague claim that at the time he filed his Rule 35(c) motion the prison library was outdated and had very limited legal material. Simply because Mr. Bates is a layman at law, and a prisoner, does not excuse the requirement that he properly exhaust his claims. Ignorance of the law is not an excuse for failure to properly exhaust. *Cf. Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("ignorance of the law, even for an incarcerated pro se [applicant] generally does not excuse prompt filing"). Furthermore, Mr. Bates does not assert that he was denied access to copies of the Colorado Revised Statutes when he filed the May 25, 2004, Rule 35(c) postconviction motion. To the contrary, he cites to both state statutes and state cases throughout the Rule 35(c) motion.

With respect to Mr. Bates' request that this Court stay the instant action while he returns to state court to exhaust all unexhausted claims, the United States Supreme Court has found that an applicant could preserve the timeliness of an application by

2

requesting that the court issue a stay and abeyance while he continues to pursue his unexhausted claims in state court. *See Pliler v. Ford*, 542 U.S. 225 (2004) (O'Connor J., concurring). A stay and abeyance, however, is only available in limited circumstances. *Rhines v. Webster*, 544 U.S. 269, 277 (2005). Mr. Bates must establish "good cause" for his failure to first exhaust the claims in state court. *Rhines*, 544 U.S. at 277. Based on above findings, Mr. Bates fails to assert good cause. Applicant's request for stay and abeyance will be denied, and the action will be dismissed as a mixed petition. Accordingly, it is

ORDERED that Mr. Bates' request for a stay and abeyance of the instant action is denied. It is

FURTHER ORDERED that the Application is denied and the action is dismissed without prejudice as a mixed petition.

DATED at Denver, Colorado, this 23 day of Oct., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00943-BNB

Leon Bates
Prisoner No. 106353
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/24/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk